**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

HAIYING LIN,

     Petitioner,

v.

                                           Case No. 2:26-cv-02032-MIS-JMR

JOEL GARCIA, in his official capacity as El
Paso Field Office Director, U.S. Immigration
and Customs Enforcement; MARKWAYNE
MULLIN, in his official capacity as
Secretary of the U.S. Department of
Homeland Security; TODD BLANCHE, in
his official capacity as Acting Attorney
General of the United States; and DORA
CASTRO, Warden of the Otero County
Processing Center,

     Respondents.

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

**THIS MATTER** is before the Court on Petitioner Haiying Lin's Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1, filed June 25, 2026. Respondents Joel Garcia, Markwayne Mullin, and Todd Blanche ("Federal Respondents"),[1] filed a Response on July 9, 2026, ECF No. 6. Upon review of the Parties' submissions, the record, and the relevant law, the Court will DENY the Petition.

Petitioner has been in ICE custody since April 17, 2026. Pet. ¶ 17, ECF No. 1. This is Petitioner's second petition. Petitioner's first petition was granted on May 15, 2026. Id. ¶ 2. The

---

[1]     Respondent Dora Castro did not file a response or otherwise appear in this case. It has become standard practice in these habeas cases for the warden of the relevant detention center to either appear and adopt the federal respondents' arguments, see, e.g., Intriago-Sedgwick v. Noem, Case No. 1:25-cv-01065-MIS-LF, Notice of Joinder In USA Respondents' Forthcoming Claims and Defenses, ECF No. 11 (D.N.M. Dec. 3, 2025), or not appear at all, see Francisco v. Dedos, Case No. 1:25-cv-01229-MIS-GJF, Proposed Findings and Recommended Disposition at 8, ECF No. 53 (D.N.M. Jan. 20, 2026).

Judge found Petitioner's detention was governed by 8 U.S.C. § 1226(a) and ordered she be provided with a bond hearing. Id. Petitioner was given a bond hearing on May 20, 2026, at which the Immigration Judge (IJ) denied bond, finding Petitioner a danger to the community and a flight risk based on her arrest on April 15, 2026 in Midland, Texas for prostitution. Id. ¶¶ 2-3; Order of the IJ at 2, ECF No. 1-3.

Petitioner now challenges the bond determination and her detention and alleges a violation of 8 U.S.C. § 1226(a), a violation of her Fifth Amendment rights, and a violation of the court order granting her first petition. Pet. ¶¶ 24-31, ECF No. 1. Petitioner seeks immediate release or, in the alternative, "a new individualized bond hearing before an Immigration Judge within seven (7) days, applying the correct discretionary standards under 8 U.S.C. § 1226(a) and giving proper weight to the evidence that the underlying arrest was uncharged and formally rejected by the District Attorney." Id. at 7.

Respondents moved to dismiss the Petition. Respondents claim the underlying principles of 28 U.S.C. § 2244(b) "still apply" and "authorize a court to decline to consider or hear a successive petition if it (1) raises a claim adjudicated in an earlier habeas matter, or (2) raises a claim that could have been presented in a prior petition, but was not there raised." Resp. at 2, ECF No. 6. Respondents argue Petitioner has already made Immigration and Nationality Act and Fifth Amendment claims and her only new claim, that the bond hearing violated the order granting her first petition, should be denied because there "is no evidence there was a miscarriage of justice." Id. at 2-3. Respondents also make a collateral estoppel argument about 8 U.S.C. §§ 1225 and 1226 that appears inapplicable, id. at 3, as the previous Judge already found § 1226 applies, Pet. ¶ 2, ECF No. 1. Finally, Respondents make an argument about forum shopping that appears similarly inapplicable. Resp. at 4, ECF No. 6. Petitioner is filing another petition, not seeking a new forum.

That she chose to file a new petition because she seeks release on new grounds, rather than filing under her previous case to challenge the sufficiency of her bond hearing, is her right.

Petitioner replies that she is raising new claims that arose after her first petition was granted, Reply at 2-4, ECF No. 7, collateral estoppel does not apply, id. at 4-5, she is not forum shopping, id. at 6-8, and she states a valid claim for relief, id. at 8-9.

The Court has jurisdiction to review constitutional challenges to bond decisions but does not have jurisdiction to review discretionary bond decisions under § 1226(e). Grant-Davis v. Anda-Ybarra, No. 2:26-CV-00054-MIS-LF, 2026 WL 823095, at *3 (D.N.M. Mar. 23, 2026). At § 1226(a) bond hearings the onus is on the noncitizen to show they are not a flight risk or danger to the community, In Re Guerra, 24 I. & N. Dec. 37, 40 (BIA 2006) ("The burden is on the alien to show to the satisfaction of the Immigration Judge that he or she merits release on bond."), although an IJ "must consider whether an alien who seeks a change in custody status is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk," by looking "to a number of factors in determining whether an alien merits release from bond, as well as the amount of bond that is appropriate," id. At the very least, the IJ must find that the petitioner failed to establish they are not a flight risk. Nayi v. Warden, Cibola Cnty. Corr. Ctr., No. 1:26-CV-01469-MIS-GJF, 2026 WL 1430871, at *2 (D.N.M. May 21, 2026), reconsideration denied, No. 1:26-CV-01469-MIS-GJF, 2026 WL 1506711 (D.N.M. May 29, 2026) ("Petitioner acknowledges that on April 10, 2026, an Immigration Judge issued an Order finding that it lacked jurisdiction to grant bond and, in the alternative, that Petitioner failed to establish he is not a flight risk.").

The Court finds Petitioner received a constitutionally adequate bond hearing as required by § 1226(a) and the Court does not have jurisdiction to review the hearing per § 1226(e). The Immigration Judge (IJ) made a discretionary decision denying bond because

3

> The Respondent entered the US without inspection in February of 2023. The Respondent was arrested for the offense of prostitution on April 15, 2026, in Midland County TX. The court finds that the Respondent is both a danger to the community as well as a flight risk based on her recent arrest.

Order of the IJ at 2, ECF No. 1-3. Per § 1226(e), the Court has no jurisdiction to review the merits of the bond denial decision. See Grant-Davis, 2026 WL 823095, at *3. Therefore, the Court has no basis to order release or an additional bond hearing, and Petitioner's requests are denied.

Accordingly, it is **HEREBY ORDERED** that Petitioner Haiying Lin's Petition for Writ of Habeas Corpus, ECF No. 1, is **DENIED**.

_____

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE